

1  Jane L. Froyd (State Bar No. 220776)
   JONES DAY
2  1755 Embarcadero Road
   Palo Alto, CA 94303
3  Telephone:    (650) 739-3939
   Facsimile:    (650) 739-3900
4  jfroyd@jonesday.com

5  Counsel for Plaintiff
   ARCTIC GLACIER U.S.A., INC.
6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                     SAN FRANCISCO DIVISION

11

12  **Arctic Glacier U.S.A., Inc.,**            Case No. 12    5492

13              **Plaintiff,**                   **COMPLAINT FOR TRADEMARK
                                                 INFRINGEMENT, TRADEMARK**
14          **v.**                               **DILUTION, UNFAIR
                                                 COMPETITION, FALSE**
15  **Glacier Water Services, Inc.,**            **DESIGNATION OF ORIGIN, AND
                                                 DECEPTIVE TRADE PRACTICES;**
16              **Defendant.**                   **DEMAND FOR JURY TRIAL**

17

18

19        Plaintiff Arctic Glacier U.S.A., Inc. seeks monetary and injunctive relief against

20  Defendant Glacier Water Services, Inc. ("Defendant" or "Defendant Glacier Water") for

21  trademark infringement, trademark dilution, unfair competition, false designation of origin, and

22  deceptive trade practices with regard to Arctic Glacier U.S.A., Inc.'s registered trademark. As

23  alleged more fully below, Defendant has willfully violated, and continues to violate, the

24  Trademark Act of 1946 as amended, 15 U.S.C. § 1051, et seq. (the "Lanham Act"), and

25  California law through its unauthorized sale of ice products that bear Arctic Glacier U.S.A., Inc.'s

26  registered trademark.

27  / / /

28  / / /





**PARTIES**

1.    Plaintiff Arctic Glacier U.S.A., Inc. is a Delaware corporation with its corporate headquarters located at 1654 Marthaler Lane, West St. Paul, Minnesota 55118.

2.    Upon information and belief, Defendant Glacier Water is a corporation existing under the laws of the State of Delaware, located and doing business at 1385 Park Center Drive, Vista, California 92081.

**JURISDICTION AND VENUE**

3.    This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 because it arises, in part, pursuant to 15 U.S.C. §§ 1114 and 1125. This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, which arise out of the same nucleus of operative fact as the substantive federal law claims to which they are joined.

4.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(2) and 1391(c). Defendant is a corporation subject to personal jurisdiction in this district and a substantial part of the acts and omissions giving rise to the claims set forth below occurred in this district.

5.    Defendant is subject to this Court's personal jurisdiction pursuant to Local Rule 3-5 and Rule 4 of the Federal Rules of Civil Procedure because Defendant does business in the State of California and this judicial district. Defendant has purposefully directed its activities toward the State of California by installing and selling ice vending machines at retail locations throughout the State and this judicial district, and it derives a financial benefit from the commercial activities it conducts in the State of California and in this judicial district.

**INTRADISTRICT ASSIGNMENT**

6.    Intradistrict assignment of this intellectual property and unfair competition action is proper on a district-wide basis pursuant to Local Rule 3-2(c).

**FACTS COMMON TO ALL CLAIMS**

A.    **Introduction and Background Information**

7.    Plaintiff Arctic Glacier U.S.A., Inc. is the current owner of the incontestable

-2-

**COMPLAINT**

1 United States Trademark, GLACIER, Registration No. 1,419,373 ("the GLACIER mark") for ice

2 in International Class 30. A true and correct copy of this registration is attached hereto as

3 **Exhibit A** and is incorporated herein by reference. Arctic Glacier U.S.A., Inc. is the successor in

4 interest to Arctic Glacier Inc. Arctic Glacier Inc. is a wholly-owned subsidiary of Arctic Glacier

5 Income Fund ("AGIF").

6         8.     On August 8, 2006, Arctic Glacier Inc. acquired Glacier Ice Company, Inc.

7 ("Glacier Ice") as a wholly-owned indirect subsidiary through AGIF. Arctic Glacier Inc. owned

8 and controlled all assets belonging to Glacier Ice, including all trademarks and all products

9 bearing those trademarks. Glacier Ice formerly was the registered owner of the GLACIER mark.

10         9.     Through Glacier Ice, Arctic Glacier Inc. manufactured, sold, and distributed

11 packaged ice, dry ice, ice sculptures, snow scenes, and in-store ice manufacturing equipment (the

12 "Glacier Ice products") throughout the State of California and the United States. It also operated

13 numerous distribution centers across Northern California.

14       10.     On July 27, 2012, H.I.G. Capital, LLC ("H.I.G. Capital") acquired substantially all

15 the assets of AGIF and its various subsidiaries, including Arctic Glacier Inc. and Glacier Ice.

16 AGIF, Arctic Glacier Inc., and Glacier Ice continue to exist as corporate entities, but they no

17 longer own any assets or transact any business.

18       11.     Various new entities were formed as part of the H.I.G. Capital transaction. These

19 entities now own substantially all the assets formerly belonging to AGIF and its subsidiaries.

20 Arctic Glacier Group Holdings Inc. ("Group Holdings") was formed as the successor in interest to

21 AGIF, and Arctic Glacier U.S.A., Inc. was formed as a wholly-owned subsidiary of Group

22 Holdings.

23       12.     Effective July 27, 2012, Glacier Ice assigned its entire interest and goodwill in the

24 GLACIER mark to Arctic Glacier U.S.A., Inc. including the right to sue for "all claims for

25 damages by reason of past, present or future infringement or other unauthorized use of [the

26 GLACIER mark]." A true and correct copy of the trademark assignment recorded with the

27 United States Patent and Trademark Office is attached hereto as **Exhibit B** and is incorporated

28 herein by reference

**COMPLAINT**

13.    Arctic Glacier U.S.A., Inc. has continued the operations of Arctic Glacier Inc. in the United States under the "Arctic Glacier" name, including the manufacture and sale of the Glacier Ice products (for ease of reference, Arctic Glacier Inc. and Arctic Glacier U.S.A., Inc. hereinafter shall be referred to interchangeably as "Arctic Glacier").

**B.    Plaintiff's GLACIER Mark**

14.    Arctic Glacier is the second largest packaged ice manufacturer in North America. Arctic Glacier's Glacier Ice products are made utilizing state-of-the-art reverse osmosis water processing and the most advanced manufacturing and packaging equipment available in the industry to produce ice that is tasteless and odorless.

15.    Through its own operations and those of Glacier Ice, Arctic Glacier has continuously utilized the GLACIER mark in commerce in connection with the sale of ice since at least as early as January 1984.

16.    Arctic Glacier's GLACIER mark currently is the only live trademark containing solely the word "Glacier" registered with the United States Patent and Trademark Office in connection with the manufacture, sale, and distribution of ice.

17.    Neither Glacier Ice nor Arctic Glacier has abandoned the GLACIER mark.

18.    Arctic Glacier's GLACIER mark often features the words "Glacier ice company" in script against a blue mountain background, surrounded by a red border. A representative image of Arctic Glacier's use of the GLACIER mark is depicted in the image below:



19.    Arctic Glacier often uses the GLACIER mark in different stylistic forms featuring the colors red, white, and blue. Representative images of Arctic Glacier's use of the GLACIER mark are depicted below:

**COMPLAINT**

- 4 -



20.     Arctic Glacier also uses the GLACIER mark in red block lettering with a white ice cap on the top of the letters.  A representative image of Arctic Glacier's use of the GLACIER mark in red block lettering with a white ice cap is depicted below:



21.     Arctic Glacier also uses the GLACIER mark on its in-store ice machines, which feature the GLACIER mark as well as the word "ICE" in red block lettering with a white ice cap on the top of the letters.  Representative images of Arctic Glacier's use of the GLACIER mark on its in-store ice machines are depicted below:



22.     Arctic Glacier's widespread use of the GLACIER mark in connection with the sale of Glacier Ice products has developed a secondary meaning and significance in the mind of the

1  public such that ice sold under the GLACIER mark is identified with Arctic Glacier by customers
2  and retailers.

3      23.    Arctic Glacier has expended millions of dollars to ensure that Glacier Ice products
4  comply with all applicable food safety regulations and consistently receive excellent ratings from
5  state and federal inspection authorities. As a result of its long use and promotion of this mark,
6  Arctic Glacier has established the GLACIER mark as a famous mark among members of the
7  public.

8  **C.**    **Defendant's Use of the GLACIER Mark in Connection with the Sale of Water**

9      24.    Upon information and belief, on or around 1983, Defendant's predecessor in
10  interest, Glacier Corporation, began manufacturing and installing bottled water and water vending
11  machines under the name Bottle Water Vending, Inc.

12      25.    On or around March of 1987, Glacier Ice discovered Glacier Corporation was
13  using the GLACIER mark in connection with its corporate name and the sale of bottled water.

14      26.    On March 12, 1987, Glacier Ice sent Glacier Corporation a letter notifying it of its
15  ownership of the GLACIER mark in connection with the manufacture and sale of ice. Glacier Ice
16  informed Glacier Corporation that it was concerned that the use of the GLACIER mark in
17  connection with the sale of bottled water was likely to create confusion in the minds of customers
18  regarding Defendant's affiliation with Glacier Ice products.

19      27.    Upon information and belief, on or around 1990, Defendant's predecessor in
20  interest, Glacier Corporation, began manufacturing and installing water vending machines in
21  Northern California and other market areas in which Glacier Ice manufactured and marketed its
22  ice products under the GLACIER mark.

23      28.    On January 22, 1990, Glacier Ice sent a second letter to Glacier Corporation, again
24  notifying Glacier Corporation that the use of the GLACIER mark in connection with the sale of
25  water in Glacier Ice's market area could create customer confusion.

26      29.    On February 15, 1990, Duke Bushong, the Chief Operating Officer of Defendant's
27  predecessor in interest, Glacier Corporation, notified Glacier Ice of his receipt of the January 22,
28  1990 letter. Bushong stated that his adoption and use of a mark featuring the words "Glacier

Water" was done without performing a full trademark search and without knowledge of Glacier Ice's rights to the GLACIER mark. Bushong assured Glacier Ice that he was willing to cooperate in order to avoid the possibility of confusion in the marketplace.

30. Based on the assurances by Defendant's predecessor in interest that it wished to avoid any potential customer confusion and the fact that Defendant was manufacturing and selling only water products, Glacier Ice refrained from filing suit. Glacier Ice continued to sell ice products and Glacier Corporation continued to sell water products within the Northern California area.

31. On or around 1994, Defendant's predecessor in interest began using the mark depicted in United States Trademark Registration Number 2,396,827 (the "GLACIER WATER" mark") in connection with the sale of bottled water and water vending machines. A true and correct copy of this Registration is attached hereto as **Exhibit C** and is incorporated herein by reference. A representative image of Defendant's GLACIER WATER mark is depicted below:



32. Defendant's GLACIER WATER mark has been designated *only* for the following goods and services:

    (a)    Water dispensing vending machines in International Class 9;

    (b)    Water purification systems, namely, a machine containing carbon and micron filters, reverse osmosis and ultraviolet light treatment systems, and sensors designed to measure dissolved mineral content in water in International Class 11;

    (c)    Beverage containers, namely water bottles sold empty in International Class 21;

    (d)    Bottled drinking water and purified drinking water in International Class 31; and

    (e)    Maintenance and repair of water purification and vending machines in International Class 37.

- 7 -

COMPLAINT

33. The GLACIER WATER mark is only valid to the extent it contains stylized forms of the mark or the mark with design elements.

**D.** **Defendant's Expansion Into the Ice Market and Infringement of Plaintiff's GLACIER Mark**

34. On or around July 28, 2011, Defendant Glacier Water filed a prospectus with the Securities and Exchange Commission as part of the initial public offering of its stock.

35. Defendant stated on page 13 of its prospectus that it could provide no assurances that its use of the trade name and trademark "Glacier Water" did not violate the proprietary rights of others and that other entities would not assert superior or exclusive rights to the mark and seek to obtain damages and injunctive relief against the company.

36. Defendant stated on page 47 of its prospectus that it intended to expand into the self-service ice business by installing ice vending machines at varies retail locations.

37. Defendant stated on page 3 of its prospectus that it intended to "increase penetration in emerging retail channels" by targeting retail channels such gas stations, convenience stores, dollar stores, drug stores, natural food markets, warehouse chains, and home improvement centers.

38. Upon information and belief, Defendant targeted its expansion into the ice business toward small retailers such as gas stations and convenience stores.

39. Upon information and belief, Defendant targeted its expansion into the ice business toward retailers who had previously signed distribution agreements with Arctic Glacier.

40. Upon information and belief, on or about July 2011, Defendant Glacier Water began installing ice vending machines at various retail locations throughout Northern California, including the San Francisco and Central Coast areas. Representative images of Defendant's ice machines are depicted below:

/ / /

/ / /

/ / /

/ / /

- 8 -

**COMPLAINT**

1

2

3

4

5

6

7

8

9

10

 

11    41.    As of July 3, 2011, Defendant had installed approximately 150 ice vending

12 machines throughout the United States. These machines produce, bag, and dispense seven to ten

13 pound bags of ice which are generally priced from $1.50 to $2.25.

14    42.    One of Defendant's ice vending machines features the GLACIER WATER mark

15 in red, as well as the word "ICE" in large red block letters with a white ice cap on top of the

16 letters and a penguin holding a bag of ice.

17    43.    Defendant's stylistic use of the word "ICE" on its ice vending machines features

18 the same large red block lettering with a white ice cap as displayed on Arctic Glacier's ice

19 machines.

20    44.    One of Defendant's machines features only the stylistic "ICE" lettering found on

21 Arctic Glacier's ice machines, and has no other wording identifying it as Defendant's product.

22    45.    Upon information and belief, Defendant Glacier Water deliberately manufactured

23 ice vending machines featuring the same stylistic lettering of the word "ICE" as featured on

24 Arctic Glacier's ice machines in order to create confusion in the minds of customers and retailers

25 regarding Defendant's affiliation with Arctic Glacier.

26    46.    Defendant's authorized use of the GLACIER WATER mark does not extend to the

27 sale of ice and ice products.

28    47.    Upon information and belief, Defendant Glacier Water knew that its use of the

CLI-2028814v2

- 9 -

**COMPLAINT**

1  GLACIER WATER mark in connection with the sale of ice would cause confusion among retail
2  customers concerning Defendant's affiliation with Arctic Glacier's products and machines.

3      48.    Upon information and belief, Defendant's unauthorized use of its GLACIER
4  WATER mark on ice products and ice vending machines is intended to create confusion in the
5  minds of customers and retailers regarding Defendant's affiliation with Arctic Glacier.

6      49.    Since Defendant's first unauthorized use of the GLACIER WATER mark in
7  connection with the sale of ice, Arctic Glacier has been contacted by customers stating that they
8  were confused regarding the affiliation of Defendant's ice vending machines with Arctic Glacier.

9      50.    Arctic Glacier also has been contacted by former customers stating that they
10 signed contracts with Defendant to install in-store ice vending machines because they were
11 approached by representatives from Defendant and led to believe that the representatives were
12 associated with Arctic Glacier.

13     51.    Arctic Glacier's former customers were led to believe that Defendant was
14 affiliated with Arctic Glacier based on statements made by Defendant's representatives as well as
15 the fact that both companies used the word "Glacier" and sell ice.

16     52.    Upon information and belief, representatives from Defendant Glacier Water
17 approached Arctic Glacier's other retail customers and solicited them to sign contracts with
18 Defendant Glacier Water while those customers were under the mistaken belief that they were
19 doing business with Arctic Glacier.

20     53.    Arctic Glacier now has lost numerous customer accounts to Defendant throughout
21 the San Francisco and Central Coast areas as a direct result of Defendant's use of the infringing
22 GLACIER mark in connection with the sale of ice.

23     54.    On July 22, 2011, Arctic Glacier sent Defendant a notice that Defendant's use of
24 the word "Glacier" in connection with the sale of ice infringed upon Arctic Glacier's GLACIER
25 mark and demanded that Defendant cease and desist its use of the infringing GLACIER WATER
26 mark on its ice products and ice vending machines within ten days of its receipt of the letter. A
27 copy of the July 22, 2011 letter is attached hereto as **Exhibit D**.

28     55.    On July 29, 2011, Defendant responded to Arctic Glacier's letter by stating that it

CLI-2028814v2                                                         **COMPLAINT**
                                      - 10 -

1  was investigating the allegations and requesting copies of the 1987 and 1990 correspondence
2  between Glacier Ice and Defendant's predecessor in interest. A copy of the July 29, 2011 letter is
3  attached hereto as **Exhibit E**.

4       56.    On August 9, 2011, Arctic Glacier sent Defendant a letter attaching copies of the
5  1987 and 1990 correspondence between Glacier Ice and Defendant's predecessor in interest. A
6  copy of the August 9, 2011 letter is attached hereto as **Exhibit F**.

7       57.    On October 5, 2011, Arctic Glacier sent another letter to Defendant requesting a
8  response to its communication from July 22, 2011 and notifying Defendant that its continued
9  infringement of Arctic Glacier's GLACIER mark had now caused demonstrable damage to the
10  goodwill of its GLACIER mark and continued loss of revenue. A copy of the October 5, 2011
11  letter is attached hereto as **Exhibit G**.

12       58.    On October 12, 2011, Defendant's counsel finally responded to Arctic Glacier's
13  letters stating that it was refusing to comply with Arctic Glacier's demand to cease and desist
14  using the infringing mark in connection with the sale of ice. In its response, Defendant asserted
15  that Arctic Glacier does not have exclusive rights to the use of the GLACIER mark in connection
16  with the sale of ice. Defendant further asserted that no likelihood of confusion exists between the
17  two competing GLACIER marks for use in connection with ice. A copy of the October 12, 2011
18  letter is attached hereto as **Exhibit H**.

19       59.    Defendant has indicated its intent to continue its unauthorized use of the
20  GLACIER mark in connection with the sale of ice in the northern California area and throughout
21  the United States.

22       60.    Defendant's unauthorized use of the GLACIER mark in connection with the sale
23  of ice has been willful and without the consent of Arctic Glacier.

24       61.    Defendant's unauthorized use of the GLACIER mark in connection with the sale
25  of ice and ice products is likely to cause confusion and mistake in the minds of customers and
26  retailers.

27       62.    Defendant's unauthorized use of the GLACIER mark in connection with the sale
28  of ice and ice products has caused actual confusion and mistake in the minds of customers and

1  retailers.

2  63.  Defendant has been aware of Arctic Glacier's proprietary rights to the GLACIER

3  mark since at least 1990, long before Defendant began using the GLACIER mark in connection

4  with the sale of ice and ice products.

5  64.  Upon information and belief, Defendant is intentionally attempting to usurp the

6  existing goodwill and secondary meaning of Arctic Glacier's GLACIER mark in connection with

7  the sale of ice.

8  **COUNT I**

9  **FEDERAL TRADEMARK INFRINGEMENT**

10  **15 U.S.C. §§ 1114 AND 1125(a)**

11  65.  Plaintiff re-alleges and incorporates each and every allegation of Paragraphs 1-64

12  of its Complaint as though fully set forth herein.

13  66.  Plaintiff's use of the GLACIER mark predates any alleged use of the mark by

14  Defendant Glacier Water in the United States.

15  67.  Neither Plaintiff, nor its predecessors, nor Glacier Ice has ever authorized,

16  licensed, or otherwise condoned or consented to Defendant's use of the GLACIER mark in

17  connection with the sale of ice.

18  68.  Defendant's unauthorized use of the word "Glacier" in connection with the sale of

19  ice and ice products infringes Plaintiff's GLACIER mark in violation of 15 U.S.C. §1114.

20  69.  Defendant's use of the infringing mark in connection with the sale of ice and ice

21  products is likely to deceive and cause confusion and mistake among customers and retailers as to

22  the source or origin of the goods provided or offered for sale by Defendant and the sponsorship or

23  endorsement of those goods by Arctic Glacier.

24  70.  Defendant's use of the infringing mark in connection with the sale of ice and ice

25  products has caused actual confusion and mistake among customers and retailers as to the source

26  or origin of the goods provided or offered for sale by Defendant and the sponsorship or

27  endorsement of those goods by Arctic Glacier.

28  71.  Defendant has misappropriated and continues to misappropriate Plaintiff's

CLI-2028814v2

- 12 -

**COMPLAINT**

1  substantial property rights in the GLACIER mark, as well as the goodwill associated therewith.

2  Unless restrained and enjoined by this Court, such conduct will continue and will permit

3  Defendant to improperly interfere with Plaintiff's continued promotion and expansion of the

4  GLACIER mark in connection with the sale of ice and ice products.

5      72.    Upon information and belief, Defendant's infringement has been deliberate,

6  willful, and intentional, with full knowledge and in conscious disregard of Arctic Glacier's rights

7  in the GLACIER mark and with intent to trade off Arctic Glacier's vast goodwill in its mark.

8      73.    As a result of Defendant's unlawful activities, Defendant has been and continues

9  to be unjustly enriched, and Arctic Glacier has suffered and continues to suffer irreparable harm.

10  Unless the foregoing alleged actions of Defendant are enjoined, Plaintiff will continue to suffer

11  injury and damage.

12      74.    As a direct and proximate result of Defendant's unlawful activities, Arctic Glacier

13  has and continues to suffer loss of goodwill and damages of at least $100,000.00.

14  **COUNT II**

15  **FEDERAL FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION**

16  **15 U.S.C. § 1125(a)**

17      75.    Plaintiff re-alleges and incorporates each and every allegation of Paragraphs 1-74

18  of its Complaint as though fully set forth herein.

19      76.    Defendant's use of the infringing GLACIER mark in connection with the

20  manufacture and sale of ice is likely to deceive and cause confusion among consumers and

21  retailers as to the source or origin of the goods offered by Defendant and the sponsorship or

22  endorsement of those goods by Arctic Glacier.

23      77.    Arctic Glacier's GLACIER mark has come to have a secondary meaning

24  indicative of origin, sponsorship, and association with Arctic Glacier in connection with the sale

25  of ice and ice products. It is likely that customers and retailers will mistakenly attribute to Arctic

26  Glacier Defendant's use of the infringing mark as a source of origin, authorization, and

27  sponsorship for Defendant's ice vending machines. Accordingly, it also is likely that customers

28  and retailers will use Defendant's services and purchase Defendant's products under this

CLI-2028814v2

**COMPLAINT**

1    erroneous belief.

2        78.    Defendant's adoption and continued willful use of a mark that is confusingly

3    similar to that of Arctic Glacier constitutes a false designation of origin or false and misleading

4    description or representation of goods in commerce within the meaning of 15 U.S.C. §1125(a)(1).

5        79.    Defendant committed the acts set forth above willfully, with full knowledge and in

6    conscious disregard of Arctic Glacier's rights in the GLACIER mark, and with the intent to trade

7    off Arctic Glacier's vast goodwill in its mark.

8        80.    Unless restrained and enjoined by this Court, such conduct will permit Defendant

9    to gain an unfair competitive advantage over Arctic Glacier and allow Defendant to improperly

10   interfere with Arctic Glacier's continued promotion and expansion of its business.

11       81.    As a result of Defendant's unlawful activities, Defendant has been and continues

12   to be unjustly enriched, and Arctic Glacier has suffered and continues to suffer irreparable harm.

13   Unless the foregoing alleged actions of Defendant are enjoined, Arctic Glacier will continue to

14   suffer injury and damage.

15       82.    As a direct and proximate result of Defendant's unlawful activities, Arctic Glacier

16   has suffered and continues to suffer loss of goodwill and damages of at least $100,000.00.

17                                    **COUNT III**

18                          **FEDERAL TRADEMARK DILUTION**

19                                **15 U.S.C. §1125(c)**

20       83.    Plaintiff re-alleges and incorporates each and every allegation of Paragraphs 1-82

21   of this Complaint as though fully set forth herein.

22       84.    As a result of Arctic Glacier's longstanding use of the GLACIER mark in

23   connection with the sale of ice and ice products throughout Northern California and the United

24   States, the GLACIER mark has become famous in accordance with the standard set forth in 15

25   U.S.C. § 1125(c)(1).

26       85.    Defendant began using the infringing mark in connection with the sale of ice and

27   ice products after the mark became famous.

28       86.    Neither Plaintiff, nor its predecessors, nor Glacier Ice has ever authorized,

CLI-2028814v2                                                            **COMPLAINT**
                                    - 14 -

1  licensed, or otherwise condoned or consented to Defendant's use or registration of the GLACIER
2  mark.

3      87.    Defendant's use of the infringing mark in connection with the sale of ice and ice
4  products is diluting the distinctiveness of the GLACIER mark.

5      88.    Defendant's actions with regard to retailers are disparaging the distinctiveness of
6  the GLACIER mark.

7      89.    Defendant's actions are blurring the distinctiveness of the GLACIER mark.

8      90.    As a result of Defendant's unlawful activities, Defendant has been and continues
9  to be unjustly enriched, and Arctic Glacier has suffered and continues to suffer irreparable harm.
10  Unless the foregoing actions of Defendant are enjoined, Arctic Glacier will continue to suffer
11  injury and damage.

12      91.    As a direct and proximate result of Defendant's unlawful activities, Arctic Glacier
13  has and continues to suffer loss of goodwill and damages of at least $100,000.00.

14                           **COUNT IV**

15               **CALIFORNIA TRADEMARK DILUTION**

16                **Cal. Bus. & Prof. Code § 14247**

17      92.    Plaintiff re-alleges and incorporates each and every allegation of Paragraphs 1-91
18  of its Complaint as though fully set forth herein.

19      93.    As a result of Arctic Glacier's longstanding use of the GLACIER mark in
20  connection with the sale of ice and ice products throughout Northern California and the United
21  States, the GLACIER mark has become famous in accordance with the standard set forth in the
22  provisions of § 14247 of the California Business and Professions Code.

23      94.    Defendant began using the infringing mark in connection with the sale of ice and
24  ice products after it became famous.

25      95.    Neither Plaintiff, nor its predecessors, nor Glacier Ice has ever authorized,
26  licensed, or otherwise condoned or consented to Defendant's use or registration of the GLACIER
27  mark.

28      96.    Defendant's use of the infringing mark in connection with the sale of ice and ice

CLI-2028814v2

- 15 -

**COMPLAINT**

1 products is diluting the distinctiveness of the GLACIER mark.

2     97.    Defendant's actions with regard to retailers are disparaging the distinctiveness of

3 the GLACIER mark.

4     98.    Defendant's actions are blurring the distinctiveness of the GLACIER mark.

5     99.    As a result of Defendant's unlawful activities, Defendant has been and continues

6 to be unjustly enriched, and Arctic Glacier has suffered and continues to suffer irreparable harm.

7 Unless the foregoing alleged actions of Defendant are enjoined, Arctic Glacier will continue to

8 suffer injury and damage.

9     100.    Arctic Glacier has suffered and continues to suffer loss of goodwill and damages

10 of at least $100,000.00.

11 **COUNT V**

12 **CALIFORNIA UNFAIR COMPETITION**

13 **Cal. Bus. & Prof. Code § 17200 et seq.**

14     101.    Plaintiff re-alleges and incorporates each and every allegation of Paragraphs 1-100

15 of its Complaint as though fully set forth herein.

16     102.    Defendant's conduct as described above constitutes "unlawful, unfair or fraudulent

17 business act(s) or practice(s) and unfair, deceptive, untrue, or misleading advertising" within the

18 meaning of California Business & Professions Code § 17200 et seq.

19     103.    The conduct of Defendant has been deliberate, willful, and committed with the

20 intent to cause confusion and mistake, to deceive the public, and to misrepresent the affiliation,

21 connection, or sponsorship of the Defendant's goods with Arctic Glacier.

22     104.    As a result of Defendant's unlawful activities, Defendant has been and continues

23 to be unjustly enriched, and Arctic Glacier has suffered and continues to suffer irreparable harm,

24 for which there is no adequate remedy at law. Unless the foregoing alleged actions of Defendant

25 are enjoined, Arctic Glacier will continue to suffer injury and damage.

26     105.    Defendant will continue its acts of unfair competition, causing irreparable injury to

27 Arctic Glacier, unless such activities are enjoined by this Court.

28

CLI-2028814v2

- 16 -

**COMPLAINT**

**JURY DEMAND**

106.    Plaintiff requests a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for:

1.    Entry of judgment for Plaintiff on all of its claims.

2.    Entry of an order declaring that Defendant's use of the GLACIER WATER mark as embodied in United States Trademark Registration Number 2,396,827 does not extend to the sale of ice and ice products and its use of this mark to sell ice and ice products infringes upon Plaintiff's GLACIER mark.

3.    Entry of an order declaring that Defendant has no right to the GLACIER mark in connection with the sale of ice and ice products.

4.    Entry of a preliminary and permanent injunction enjoining Defendant, or anyone else acting in concert with it, or on its behalf from:

        (a)    using any reproduction, copy, or colorable imitation of the GLACIER mark or any mark confusingly similar thereto in connection with the manufacture or sale of ice and ice products;

        (b)    using any logo, trade name, trademark, or service mark, which may be calculated to falsely represent or which has the effect of falsely representing the goods and services of Defendant that are sponsored by, authorized by, or in any way associated with Plaintiffs;

        (c)    using the GLACIER mark in connection with the manufacture or sale of ice or ice products;

        (d)    filing or prosecuting any trademark application for any mark containing the word "Glacier" to be used in connection with the sale of ice or ice products;

        (e)    otherwise unfairly competing with or diluting the GLACIER mark or infringing Plaintiff's rights to the GLACIER mark.

5.    Entry of an order requiring Defendant to deliver to Plaintiff for purposes of destruction all unauthorized products, advertisements, or other documents in its possession or

CLI-2028814v2

- 17 -

**COMPLAINT**

under its control bearing the infringing mark or any simulation, reproduction, copy, or colorable imitation thereof, pursuant to 15 U.S.C. §1118;

6.    An award to Plaintiff of the damages it has sustained as a result of Defendant's wrongful acts;

7.    An award to Plaintiff of Defendant's profits pursuant to 15 U.S.C. § 1117;

8.    An award to Plaintiff of treble damages pursuant to 15 U.S.C. § 1117;

9.    An award to Plaintiff of its costs and attorneys' fees pursuant to 15 U.S.C. § 1117; and

10.    An award to Plaintiff of any further relief that the Court deems to be just and proper.

Dated: October 24th, 2012

Respectfully submitted,

JONES DAY

By: /s/ Jane L. Froyd
_____
Jane L. Froyd

Counsel for Plaintiff
ARCTIC GLACIER U.S.A., Inc.

CLI-2028814v2

- 18 -

**COMPLAINT**

# EXHIBIT A

Int. Cl.: 30

Prior U.S. Cls.: 1 and 46

**United States Patent and Trademark Office**    Reg. No. 1,419,373
                                                 Registered Dec. 2, 1986

**TRADEMARK**
**PRINCIPAL REGISTER**

**GLACIER**

GLACIER ICE COMPANY, INC. (CALIFORNIA
    CORPORATION)
43978 FREMONT BLVD.
FREMONT, CA 94538

FOR: ICE, IN CLASS 30 (U.S. CLS. 1 AND 46).

FIRST   USE   9-0-1970;   IN   COMMERCE
1-0-1984.

SER. NO. 563,650, FILED 10-17-1985.

MARY L SPARROW, EXAMINING ATTORNEY

# EXHIBIT B

**900229729    07/31/2012**

TRADEMARK ASSIGNMENT

Electronic Version v1.1
Stylesheet Version v1.1

| SUBMISSION TYPE: | NEW ASSIGNMENT |
|---|---|
| NATURE OF CONVEYANCE: | ASSIGNS THE ENTIRE INTEREST AND THE GOODWILL |

CONVEYING PARTY DATA

| Name | Formerly | Execution Date | Entity Type |
|---|---|---|---|
| Glacier Ice Company, Inc. | | 07/27/2012 | CORPORATION: CALIFORNIA |

RECEIVING PARTY DATA

| | |
|---|---|
| Name: | Arctic Glacier U.S.A., Inc. |
| Street Address: | 1654 Marthaler Lane |
| City: | West St. Paul |
| State/Country: | MINNESOTA |
| Postal Code: | 55118 |
| Entity Type: | CORPORATION: DELAWARE |

PROPERTY NUMBERS Total: 1

| Property Type | Number | Word Mark |
|---|---|---|
| Registration Number: | 1419373 | GLACIER |

CORRESPONDENCE DATA

Fax Number:              6172359493
*Correspondence will be sent to the e-mail address first; if that is unsuccessful, it will be sent via US Mail.*
Phone:                   212-596-9617
Email:                   trademarks@ropesgray.com
Correspondent Name:      Amanda D. Rich, Ropes & Gray LLP
Address Line 1:          1211 Avenue of the Americas
Address Line 4:          New York, NEW YORK   10036

| ATTORNEY DOCKET NUMBER: | HIGM-021 |
|---|---|
| NAME OF SUBMITTER: | Amanda D. Rich |
| Signature: | /Amanda D. Rich/ |
| Date: | 07/31/2012 |

TRADEMARK

**Total Attachments: 4**
source=Glacier Ice Assignment#page1.tif
source=Glacier Ice Assignment#page2.tif
source=Glacier Ice Assignment#page3.tif
source=Glacier Ice Assignment#page4.tif

**TRADEMARK**
**REEL: 004832 FRAME: 0192**

## TRADEMARK ASSIGNMENT

**THIS TRADEMARK ASSIGNMENT** (this "Assignment") is made and delivered this 27 day of July, 2012 (the "Effective Date"), by Glacier Ice Company, Inc., a California corporation ("Assignor"), in favor of Arctic Glacier U.S.A., Inc., a Delaware corporation ("Assignee").

## WITNESSETH

WHEREAS, pursuant to the Asset Purchase Agreement (as amended from time to time, the "Master Agreement"), made June 7, 2012, by and among Arctic Glacier, LLC (f/k/a H.I.G. Zamboni, LLC), Arctic Glacier Income Fund, and certain subsidiaries of Arctic Glacier Income Fund including Assignor (collectively, the "Master Agreement Parties"), together with the Designated Purchaser Agreement, made July 10th, 2012, by and among the Master Agreement Parties, Assignee, Arctic Glacier Transportation, LLC and Arctic Glacier Canada Inc., Assignor has agreed to, assign, transfer, deliver and convey to Assignee, and Assignee has agreed to receive from Assignor, all right, title and interest of every kind and nature in and to the trademarks and trade names listed on Schedule A hereto (including all associated goodwill represented by such trademarks and trade names) (collectively, the "Trademarks"); and

WHEREAS, the parties hereto desire to effect the consummation of the assignment, transfer, delivery and conveyance to the Assignee of the Trademarks.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and pursuant to the terms and conditions of the Master Agreement, the Assignor does hereby agree with the Assignee as follows:

1. Capitalized terms used but not defined herein have the meanings set forth in the Master Agreement.

2. Assignor hereby irrevocably sells, assigns, transfers and sets over to Assignee all of Assignor's right, title and interest in and to the Trademarks, including all common law rights, together with the goodwill of the Purchased Business in connection with which the Trademarks are used, and all registrations and applications therefor and renewals and extensions of the foregoing in the United States and for all foreign countries that are or may be secured under the laws of the United States and all foreign countries, now or hereafter in effect, for Assignee's own use and enjoyment, and for the use and enjoyment of Assignee's successors and assigns, as fully and entirely as the same would have been held and enjoyed by Assignor if this assignment had not been made, together with all income, royalties or payments due or payable as of the Closing Date or thereafter related to any of the foregoing, including, without limitation, all claims for damages by reason of past, present or future infringement or other unauthorized use of the Trademarks, with the right to sue for and collect the same for Assignee's own use and enjoyment, and for the use and enjoyment of its successors, assigns, or other legal representatives.

3. Assignor authorizes and requests the United States Commissioner of Patents and Trademarks and any other similar government authority to record Assignee as owner of the Trademarks and register any and all trademarks granted thereon to Assignee, as assignee of the

**TRADEMARK**
**REEL: 004832 FRAME: 0193**

entire right, title and interest in, to and under the same, for the sole use and enjoyment of Assignee and its successors, assigns or other legal representatives.

4.    This Assignment may be executed in one or more counterparts, each of which shall be deemed to be an original, and all of which together shall constitute one and the same instrument.

*[Signature page follows]*

**TRADEMARK**
**REEL: 004832 FRAME: 0194**

IN WITNESS WHEREOF, the parties have executed this Assignment as of the Effective
Date.

GLACIER ICE COMPANY, INC.

By: _____
Name:
Title:

ARCTIC GLACIER U.S.A., INC.

By: _____
Name:
Title:

Signature page to U.S. Trademark Assignment; Glacier Ice Company, Inc.

ATI-2524227v1

TRADEMARK
REEL: 004832 FRAME: 0195

## SCHEDULE A

### Trademarks

Registered:

| Trademark | Registration Number | Owner |
|-----------|---------------------|-------|
| GLACIER | 1,419,373 | Glacier Ice Company, Inc. |

State Registrations:

None

Unregistered:

None

### Trade Names

Registered:

None

Unregistered:

None

-4-

# EXHIBIT C

Int. Cls.: 9, 11, 21, 32 and 37

Prior U.S. Cls.: 2, 13, 21, 23, 26, 29, 30, 31, 33, 34, 36, 38, 40, 45, 46, 48, 50, 100, 103 and 106

Reg. No. 2,396,827

## United States Patent and Trademark Office
Registered Oct. 24, 2000

### TRADEMARK
### SERVICE MARK
### PRINCIPAL REGISTER



GLACIER WATER SERVICES, INC. (CALIFORNIA CORPORATION)
2261 COSMOS COURT
CARLSBAD, CA 92002

FOR: WATER DISPENSING VENDING MA-CHINES, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 5-0-1994; IN COMMERCE 10-0-1994.

FOR: WATER PURIFICATION SYSTEMS, NAME-LY, A MACHINE CONTAINING CARBON AND MI-CRON FILTERS, REVERSE OSMOSIS AND ULTRA-VIOLET LIGHT TREATMENT SYSTEMS, AND SEN-SORS DESIGNED TO MEASURE DISSOLVED MIN-ERAL CONTENT IN WATER, IN CLASS 11 (U.S. CLS. 13, 21, 23, 31 AND 34).

FIRST USE 5-0-1994; IN COMMERCE 10-0-1994.

FOR: BEVERAGE CONTAINERS, NAMELY WATER BOTTLES SOLD EMPTY, IN CLASS 21 (U.S. CLS. 2, 13, 23, 29, 30, 33, 40 AND 50).

FIRST USE 5-0-1994; IN COMMERCE 10-0-1994.

FOR: BOTTLED DRINKING WATER AND PURI-FIED DRINKING WATER, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 5-0-1994; IN COMMERCE 10-0-1994.

FOR: MAINTENANCE AND REPAIR OF WATER PURIFICATION AND VENDING MACHINES, IN CLASS 37 (U.S. CLS. 100, 103 AND 106).

FIRST USE 5-0-1994; IN COMMERCE 10-0-1994.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "GLACIER WATER", APART FROM THE MARK AS SHOWN.

THE MARK IS LINED FOR THE COLORS BLUE AND RED.

SER. NO. 75-520,672, FILED 7-17-1996.

RON FAIRBANKS, EXAMINING ATTORNEY

# EXHIBIT D

# JONES DAY

1420 PEACHTREE STREET, N.E. • SUITE 800 • ATLANTA, GEORGIA 30309-3053
TELEPHONE: (404) 521-3939 • FACSIMILE: (404) 581-8330

Direct Number: (404) 581-8620
ckiedrowski@JonesDay.com

JP003742:ahw                    July 22, 2011
146054-645003

<u>VIA FEDEX (TRACKING NO. 797333514539)</u>
<u>AND FACSIMILE (760-560-3333)</u>

Mr. Steven D. Stringer
Vice President and CFO
Glacier Water Services, Inc.
1385 Park Center Drive
Vista, California 92081

      Re:   <u>Infringement of Arctic Glacier's Intellectual Property</u>

Dear Mr. Stringer:

    We represent as outside counsel in various matters, including matters related to the infringement of trademarks and other intellectual property, Arctic Glacier Inc., 625 Henry Avenue, Winnipeg, Manitoba Canada R3A 0V1. and its subsidiaries ("Arctic Glacier"). As you are aware, Arctic Glacier, through its wholly-owned subsidiary, Glacier Ice Company ("Glacier Ice"), manufactures, sells and distributes ice in the United States. It has recently come to the attention of Arctic Glacier that your company, Glacier Water Services, Inc. ("GWS"), is selling ice in packaging and in vending machines that blatantly infringes and dilutes my client's GLACIER trademark. Accordingly, Arctic Glacier has referred your company's conduct to this Firm for disposition.

    Significantly, we are aware that GWS is packaging and selling ice in the ice bag shown in Exhibit A (the "GWS Ice Bag") under the GLACIER trademark and through ice vending machines under the GLACIER trademark as shown in Exhibit B (the "GWS Ice Machine"). Importantly, Glacier Ice has received multiple notices of actual confusion from several customers as to the source of the ice sold in GWS Ice Bags and through the GWS Ice Machines and as to whether there is any association or affiliation between your company's products and Glacier Ice's products. As you are no doubt aware, Glacier Ice owns an incontestable United States Trademark Registration (Reg. No. 1,419,373) for the mark GLACIER for "ice" (the "Glacier Mark") and has continuously utilized the mark in commerce since at least as early as January 1984. This mark has never been abandoned by Glacier Ice, nor have any rights been granted to your company to use it in any manner whatsoever. A copy of Glacier Ice's United States Trademark Registration is attached as Exhibit C.

\TI-3480182v1
ALKHOBAR • ATLANTA • BEIJING • BOSTON • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DUBAI
FRANKFURT • HONG KONG • HOUSTON • IRVINE • JEDDAH • LONDON • LOS ANGELES • MADRID • MEXICO CITY
MILAN • MOSCOW • MUNICH • NEW DELHI • NEW YORK • PARIS • PITTSBURGH • RIYADH
SAN DIEGO • SAN FRANCISCO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

**JONES DAY**

Mr. Steven D. Stringer
Glacier Water Services, Inc.
July 22, 2011
Page 2

Be advised that we are also in receipt of several letters exchanged in 1987 and 1990 between Glacier Ice and your company's predecessor in interest, Glacier Corporation, notifying your company of Glacier Ice's trademark rights in the mark GLACIER for use in connection with the manufacture and sale of ice. Given Glacier Ice's prior use of and rights to the mark GLACIER in connection with ice, it is indisputable that your company is knowingly and willfully utilizing the Glacier Mark without permission, authorization or license in violation of my client's valuable intellectual property rights. Further, given your company's prior knowledge of Glacier Ice's trademark rights in the Glacier Mark in connection with ice, it is obvious that GWS deliberately chose to ignore my client's trademark rights in an attempt to capitalize on the goodwill associated with the Glacier Mark in connection with the manufacture, sale and distribution of ice. At a minimum, such conduct constitutes, trademark infringement, trademark dilution, unfair competition and false designation of origin in violation of 15 U.S.C. § 1051 *et seq.*, as well as deceptive trade practices pursuant to California law.

In light of the foregoing, we demand that your company cease and desist all use of the Glacier Mark on ice bags and packaging, ice vending machines and any other ice products or services within ten (10) days of your receipt of this letter. In particular, we demand that your company immediately (1) cease offering for sale or selling, directly or indirectly, any ice in the GWS Ice Bag and through the GWS Ice Machines or otherwise identified by the Glacier Mark; (2) that all packaging, labels or other printed matter bearing the Glacier Mark be removed from any ice products offered for sale by your company; (3) that all ice vending machines displaying the Glacier Mark be replaced with displays not incorporating or using the Glacier Mark in any manner; and (4) that any inventory of any GWS Ice Bags be sent to the undersigned or destroyed within the ten (10) day period expressed in this letter.

A written statement of your company's satisfaction of the demands set forth in this letter should be signed by you or someone authorized to enter into binding agreements on behalf of GWS and forwarded to me within ten (10) days of your receipt of this letter. Should your company fail to cease and desist its unlawful conduct immediately and provide me with the written notice set forth above, Arctic Glacier will take all action it deems necessary to enforce its rights and protect its business interests, including commencing immediate litigation for injunctive relief and damages.

Should you have any questions with regard to this matter, you may contact the undersigned.

ATI-2480182v1

**JONES DAY**

Mr. Steven D. Stringer
Glacier Water Services, Inc.
July 22, 2011
Page 3

Sincerely,

Currie L. Kiedrowski

Enclosures

cc:    Keith McMahon, President & CEO
       Steven Stennett, Esq.
       Michael Weinberg, Esq.

**JONES DAY**

Mr. Steven D. Stringer
Glacier Water Services, Inc.
July 22, 2011
Page 4


bcc:    Stacie Dheilly (via email, w/encls.)
        Dale Melanson (via email, w/encls.)

# EXHIBIT E

# Knobbe Martens Olson & Bear LLP

**Intellectual Property Law**

10100 Santa Monica Blvd.
16th Floor
Los Angeles CA 90067
Tel 310-551-3450
Fax 310-551-3458
www.kmob.com

Karen Vogel Weil
310-407-3480
kweil@kmob.com

July 29, 2011

*VIA FAX AND MAIL*

Carrie L. Kiedrowski, Esq.
Jones Day
1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309-3053

> Re: Your client Arctic Glacier Inc.
> Our client: Glacier Water Services, Inc.
> Our reference No.: GLACR.017TIS

Dear Ms. Kiedrowski:

Your letter of July 22, 2011 to Mr. Steven Stringer at Glacier Water Services, Inc. has been forwarded to our office. We are investigating the allegations set forth in your letter and will respond in due course. To assist us in our investigation, please forward to us the "several letters exchanged in 1987 and 1990 between Glacier Ice" and Glacier Corporation, referenced on page two of your letter. Please also forward to us the file history of U.S. Trademark Reg. No. 1,419,373.

Very truly yours,

Karen Vogel Weil

cc: Glacier Water Services, Inc.

11665285
072911

| Orange County | San Diego | San Francisco | Riverside | Seattle | Washington, DC |
|---|---|---|---|---|---|
| 949-760-0404 | 858-707-4000 | 415-954-4114 | 951-781-9231 | 206-405-2000 | 202-640-6400 |

# EXHIBIT F

# JONES DAY

1420 PEACHTREE STREET, N.E. • SUITE 800 • ATLANTA, GEORGIA 30309-3053
TELEPHONE: (404) 521-3939 • FACSIMILE: (404) 581-8330

Direct Number: (404) 581-8820
ckiedrowski@JonesDay.com

**FOR SETTLEMENT
PURPOSES ONLY**

JP003742:mos                          August 9, 2011
146054-645003

## VIA U.S. MAIL AND EMAIL (KWEIL@KMOB.COM)

Karen Vogel Weil, Esq.
Knobbe Martens Olson & Bear LLP
10100 Santa Monica Boulevard
16th Floor
Los Angeles, California 90067

> Re:    Infringement of Arctic Glacier's Intellectual Property
>        Your Reference No. GLACR.017TIS

Dear Ms. Weil:

I am in receipt of your letter dated July 29, 2011. As requested, please see copies of letters dated March 12, 1987, January 22, 1990 and February 15, 1990. In addition, I direct you to the USPTO website to obtain the available file history for U.S. Registration No. 1,419,373.

We look forward to your further response.

Sincerely,

Carrie L. Kiedrowski

Enclosures

cc:    Keith McMahon, President & CEO
       Steven Stennett, Esq.
       Michael Weinberg, Esq.

ATI-2483007v1

ALKHOBAR • ATLANTA • BEIJING • BOSTON • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DUBAI
FRANKFURT • HONG KONG • HOUSTON • IRVINE • JEDDAH • LONDON • LOS ANGELES • MADRID • MEXICO CITY
MILAN • MOSCOW • MUNICH • NEW DELHI • NEW YORK • PARIS • PITTSBURGH • RIYADH
SAN DIEGO • SAN FRANCISCO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

LAW OFFICES OF
## HARRIS ZIMMERMAN
ATTORNEYS AT LAW
1330 BROADWAY, SUITE 1180
OAKLAND, CALIFORNIA 94612
(415) 465-0658

HARRIS ZIMMERMAN
—————————————
HOWARD B. COHEN
REGISTERED PATENT AGENT

PATENTS
TRADEMARKS
UNFAIR COMPETITION

12 March 1987

GLACIER CORPORATION
Attention: Ronald Bixby, President
26459 Tyrrell Avenue
Hayward, California 94544

Re: Mark or Name GLACIER

Dear Sirs:

Our attention has been directed to your use of the name or mark GLACIER in connection with your corporate name and in connection with your sale of bottled water.

This office represents the Glacier Ice Company, of Fremont, California. For many years, my client has been engaged in the manufacture and sale of ice under the trademark GLACIER. In connection with its proprietary rights in the name I can advise you that my client is also the owner of U.S. Trademark Registration No. 1,419,373 for the mark GLACIER.

In view of the fact that many companies produce both bottled water and ice, we believe that your use of the word GLACIER in connection with bottled water is likely to create some confusion in the minds of the purchasing public who could easily consider that there is some association, affiliation, or sponsorship of your product by my client.

It is possible that your adoption and use of the GLACIER mark was done without knowledge of my client's rights, but now that the matter has been brought to your attention, we trust that you will consider the matter and utilize a mark which is not likely to create problems down the road.

I look forward to your response and an indication of your intentions in the matter.

Sincerely,


Harris Zimmerman

HZ/dls

cc: Glacier Ice Company, Inc.



11988 Fremont Blvd. • Fremont, CA 94538 • (415) 656 2230

January 22, 1990

GLACIER CORPORATION
Attention:  Ronald Bixby, President
3219 Roymar Rd.
Oceanside, Ca.  92054

        Re:  Mark or Name GLACIER

Dear Sirs:

        Our attention has been directed to your use of the name or mark
GLACIER in connection with your corporate name and in connection with
your sale of bottled water.

        For many years, Glacier Ice Co., Inc. has been engaged in the
manufacture and sale of ice under the trademark GLACIER.  In connection
with its proprietary rights in the name, I can advise that Glacier Ice
Co., Inc. is also the owner of the U.S. Trademark Registration No.
1,419,373 for the mark GLACIER.

        In view of the fact that many companies produce both bottled
water and ice, we believe that your use of the word GLACIER in
connection with bottled water is likely to create some confusion in the
minds of the purchasing public who could easily consider that there is
some association, affiliation, or sponsorship of your product with
Glacier Ice Co., Inc.

        It is possible that your adoption and use of the GLACIER mark
was done without knowledge of Glacier Ice Company's rights, but now that
the matter has been brought to your attention, we trust that you will
consider the matter and utilize a mark which is not likely to create
problems down the road.

        I look forward to your response and an indication of your
intentions in the matter.

                                        Sincerely,

                                        Dan Nicholson

DN/sq

# BOTTLE WATER VENDING, INC.

219 Roymar Road • Oceanside, California 92054

February 15, 1990

Mr. Dan Nicholson
Glacier Ice Company
33983 Fremont Blvd.
Fremont, CA 94538

Re: Mark or Name "GLACIER"

Dear Mr. Nicholson:

This will acknowledge receipt of your letter dated January 22, 1990 regarding the name "GLACIER". I apologize for the delay in responding to that letter.

My adoption and use of the "GLACIER WATER" mark was done without knowledge of your company or any of your rights to the "GLACIER" mark. It was also done without the benefit of a comprehensive trademark search, which was done some time after I had already adopted and begun using the mark. The trademark search revealed that quite a number of companies throughout the country use the word "GLACIER" for water, light beverages, ice and related goods and products. For example, there is a Registration No. 964,571, dated July 10, 1973 for the word "GLACIER" for ice cream freezers. There is also a registration by the Seattle Ice Equipment Company, Registration No. 1,219,873 for coin-operated commercial ice making machines. These would seem to be more of a problem for your company than my use of the mark for water.

I wish to assure you that I am concerned by the numerous uses of the mark "GLACIER", and I am more than willing to cooperate with you and others in order to avoid the possibility of any confusion in the marketplace.

If you have any instances of confusion between our two companies, please let me know. I can assure that I wish to minimize the possibility of such an occurrence.

If you should have any questions, please let me know.

Sincerely,

H.E. Duchong
Chief Operating Officer

RSF:r

# EXHIBIT G

# JONES DAY

1420 PEACHTREE STREET, N.E. • SUITE 800 • ATLANTA, GEORGIA 30309-3053

TELEPHONE: (404) 521-3939 • FACSIMILE: (404) 581-8338

Direct Number: (404) 581-8620
ebledrowski@JonesDay.com

JP003742:mos                October 5, 2011                **FOR SETTLEMENT**
146054-645003                                              **PURPOSES ONLY**

VIA U.S. MAIL AND EMAIL (KWEIL@KMOB.COM)

Karen Vogel Weil, Esq.
Knobbe Martens Olson & Bear LLP
10100 Santa Monica Boulevard
16th Floor
Los Angeles, California 90067

> Re:   Infringement of Arctic Glacier's Intellectual Property
> Your Reference No. GLACR.017TIS

Dear Ms. Weil:

In your July 29, 2011 letter you indicated that you were investigating the allegations of trademark infringement against your client and you requested additional information. On August 9, 2011, I provided you with the available requested information. We have not heard from you since that time, and our patience has now come to an end.

Be advised that we have learned that Arctic Glacier has recently suffered significant financial damage from Glacier Water Services' willful and infringing acts, which have continued unabated. Significantly, Arctic Glacier has lost at least eleven customer accounts throughout the Bay Central and Sacramento regions as a direct result of actual confusion relating to your client's use of the GLACIER trademark for ice. In many cases, customers were mistakenly led to believe that Glacier Water Services was Glacier Ice Company or that it was affiliated with or acting on behalf of my client. Indeed, the estimated value of the lost accounts is estimated to be well over $60,000. At this time, we are in the process of identifying the full extent of my client's losses and we will expect your client to wholly compensate Arctic Glacier for such losses. In any event, we cannot countenance your client's continued infringement of the GLACIER trademark any longer and it must immediately cease and desist from any further use of the mark.

A written statement expressing Glacier Water Services' compliance with the terms of our July 22, 2011 letter should be set forth in a letter and forwarded to us so as to reach our offices within three (3) business days of the date of this letter. In addition, once we have attended to the ongoing infringement, we will then address the specific details on how your client will compensate Arctic Glacier for the considerable damage it has suffered as the result of your client's actions. Should your client fail to comply with the conditions set forth in our July 22, 2011 letter, and thereafter fail to adequately compensate my client, Arctic Glacier will be forced

ATI-2488685v1

ALKHOBAR • ATLANTA • BEIJING • BOSTON • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DUBAI
FRANKFURT • HONG KONG • HOUSTON • IRVINE • JEDDAH • LONDON • LOS ANGELES • MADRID • MEXICO CITY
MILAN • MOSCOW • MUNICH • NEW DELHI • NEW YORK • PARIS • PITTSBURGH • RIYADH
SAN DIEGO • SAN FRANCISCO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

**JONES DAY**

Karen Vogel Weil, Esq.
October 5, 2011
Page 2

to seek all available relief, including the commencement of immediate litigation for damages and injunctive relief.

Sincerely,

Carrie L. Kiedrowski

cc:     Timothy P. Fraelich, Esq.
        Steven Stennett, Esq.
        Michael Weinberg, Esq.

ATI-2486685v1

# EXHIBIT H

**Knobbe Martens Olson & Bear LLP**

Intellectual Property Law

10100 Santa Monica Blvd.
16th Floor
Los Angeles CA 90067
Tel 310-551-3450
Fax 310-551-3458
www.kmob.com

Karen Vogel Weil
310-407-3480
kweil@kmob.com

October 12, 2011

*VIA E-MAIL AND MAIL*

Carrie L. Kiedrowski, Esq.
Jones Day
1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309-3053

> Re:  Your client:  Arctic Glacier Inc.
>       Our client:  Glacier Water Services, Inc.
>       Our reference No.:  GLACR.017TIS

Dear Ms. Kiedrowski:

This is in response to your letters of July 22, July 29, and October 5, 2011, regarding the above referenced matter.

As an initial matter, Glacier Water respects the intellectual property rights of others, just as it expects others to respect its rights.  It is also not in our client's interests to have a situation where consumers are likely to be confused as to the source of our respective clients' products.  However, Glacier Water does not believe it has violated any rights of your client and that this matter can be resolved amicably.

A.    Arctic Glacier does not have exclusive rights to the mark GLACIER for ice

Arctic Glacier does not have exclusive rights to the GLACIER trademark in connection with ice.  That is because a number of other entities use the GLACIER mark with respect to ice. For example, see www.texasglacier.com/video/machines.html, which shows a business using "TEXAS GLACIER ICE" for bagged ice.  See also, http://usbiztrader.com/listings/view.php? id=16840694, showing another company called "GLACIER ICE" which produces and bags block ice for delivery and sales.  Another example can be found at www.peltonshepherd.com/ glacier_ice.php, showing a company using the mark "GLACIER ICE" on a refrigerant for shipments and packaging.  These are just some examples of others using GLACIER in

Kuable Martens Olson & Sear LLP

Carrie L. Kiedrowski, Esq.
October 12, 2011
Page -2-

connection with ice which we found in a brief internet search. We are confident that a more thorough search would reveal additional uses of GLACIER in connection with ice.

Similarly, there are numerous uses of GLACIER for water, including longstanding use by our client. Some other examples include CRYSTAL GLACIER (U.S. Reg. No. 2,654,501) for drinking water owned by Crystal Geyser Water Company; PERFECT GLACIER (U.S. Reg. No. 3,782,244) for drinking water owned by Craig Binks (disclaiming "glacier"); GLACIER RIDGE (U.S. Reg. No. 3,724,503) for beverages, namely spring water and spring water with fruit juice, owned by Glacier Ridge Beverage Company, LLC (disclaiming "glacier"). Inasmuch as ice is just a frozen version of water, these numerous uses mean that nobody can claim exclusive rights to GLACIER for water, in either its liquid or frozen form. In addition to its continuous and long term use of GLACIER for water, Glacier Water has its own trademark registrations for GLACIER WATER and Designs. *See* United States Patent and Trademark Registration Nos. 2,891,712, 2,891,711 and 2,396,827, both of which have become incontestable. Indeed, as further evidence of the highly descriptive nature of GLACIER for water and ice products, our client disclaimed use of "glacier water" and, as noted above, some of the other registrants have also disclaimed "glacier" for water.

Further, it is common knowledge that the word "glacier" is synonymous with clean, pure, and cold water and ice. This is even evidenced by http://thesaurus.com's list of synonyms for "ice," which includes "glacier." Moreover, a glacier is made of ice. Therefore, "glacier" is highly descriptive, if not generic, for ice. Certainly, even an incontestable mark can be cancelled for genericness. *See KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 408 F.3d 596, 602–03 (9th Cir. 2005) ("No incontestable right can be obtained in a mark which is the generic name for the goods or services.").

Based on the foregoing, your client cannot claim exclusive rights to GLACIER for ice.

B.     No likelihood of confusion exists between the source of the products

In addition to the above, no likelihood of confusion exists between Glacier Water's and Arctic Glacier's use of their marks on their respective products. First, Glacier Water has used the word GLACIER in connection with its water and related products since the 1980s. Thus, use of its long-used house mark in connection with the sale of a frozen version of the product it has sold for decades is certainly within the scope of its rights. Moreover, as acknowledged by Mr. Zimmerman in his March 12, 1987 letter and by Mr. Nicholson in his January 22, 1990 letter (both of which are attached to your letter dated August 9, 2011), "many companies produce both bottled water and ice." Thus, the inclusion of frozen water in Glacier Water's business was a natural expansion of its existing business. Given that the parties have co-existed for decades, they should be able to continue to co-exist.

Knobbe Martens Olson & Bear LLP

Currie L. Kiedrowski, Esq.
October 12, 2011
Page -3-

Second, our client's mark, as used, looks entirely different from your client's mark as used. Specifically, our client's mark always appears with a penguin and no background, while your client does not use a penguin and its word mark is used with a blue and white mountain image. As a result of these significant differences, consumers are not likely to be confused by our respective clients' marks.

Third, consumers do not buy ice because of its branding. Instead, the purchase of ice is dictated by convenience and most stores selling ice stock only one brand of ice. It is very unlikely that two brands of ice would be in close proximity to one another and/or positioned in a way in which a consumer must make a choice between one brand or another. Instead, consumers simply buy whatever ice is available at the store where they are shopping. See generally, 4 McCarthy on Trademarks and Unfair Competition § 23:94 (4th ed.).

Sophisticated corporate resellers and/or businesses that select ice and/or vending machines would also not be confused, as they deal with representatives of the source/supplier of the products, namely Arctic Glacier and/or Glacier Water, and will know with whom they are dealing.

Thus, it is highly unlikely that customers are likely to be confused as to the source of our respective clients' products. We note that, in your letter dated July 22, 2011, you mention that you have received "multiple notices of actual confusion" and in your letter dated October 5, 2011, you state that "Arctic Glacier has lost at least eleven customer accounts throughout the Bay Central and Sacramento regions as a direct result of actual confusion..." In light of the foregoing, we would be surprised to hear that any customers were confused as to source. However, please provide us with copies of any such notices or evidence of actual confusion you have received and we will consider any such evidence.

Finally, we disagree with the nefarious conclusions you are seeking to draw as a result of some brief correspondence between your client and our client's predecessor over 24 years ago. As you note, this correspondence was with our client's predecessor. Current management of Glacier Water had no knowledge of the communications you provided.

Based on the foregoing, it is highly doubtful that your client owns any protectable rights to the word GLACIER for ice. Even if it did, there is no likelihood of confusion.

**Knobbe Martens Olson & Bear LLP**

Carrie L. Kiedrowski, Esq.
October 12, 2011
Page -4-

I trust that this adequately addresses your concerns.

Very truly yours,

KarenVogelWeil

Karen Vogel Weil

cc:    Glacier Water Services, Inc.

11792170